PONDER, Judge.
Plaintiff appealed from the denial of a declaratory judgment that a lease between it and defendant was terminated because of breaches.
Appellant complains of: the court’s finding that there was no breach of the lease especially in the failure to repair the roof and plumbing, and in failure to correct building violations found by City-Parish inspectors; of failure by the court to apply the presumption as to the failure to produce a witness having peculiar knowledge of the facts; and the court’s holding a lease could be terminated if the lessor sold or released the premises.
We reverse.
In 1970, appellee leased premises to appellant for a term of five years. The lease contained the following provision:
*229 “The Lessor agrees to maintain the roof and keep the building structurally sound. He agrees further to maintain the plumbing in a sanitary and workable condition. However, it is specifically understood that the Lessee obligates himself to keep the plumbing free from obstruction or stoppage caused by his own negligence or imprudent usage.”
In 1974, appellant exercised its option to renew the lease for an additional five years. About the same time, through employees, appellant began complaining of appellee’s failure to maintain the roof and plumbing. Appellee’s local representative first denied receiving any complaints but later admitted receiving telephone calls, in which, however, he refused to discuss any complaints because there was “no lease with those people.”
In 1976, appellant mistakenly attempted to assert that the lease was a month to month one because there had been no exercise of the option to renew. In the same letter, however, it complained of failure to repair. Shortly thereafter, defendant moved from the leased premises but continued to make the rental payments. It, however, filed this suit to have the lease declared breached and thereby terminated.
The trial court held that the failure to repair the roof leaks did not constitute a breach of the lease, stating in its reasons that both parties knew of the advanced age of the building at the time of the initial lease. We believe this constituted error. The provisions above quoted imposed the duty on the lessor to maintain the roof and also the plumbing subject only to lessee’s duty to “keep the plumbing free from obstruction or stoppage caused by his own negligence or imprudent usage.” That the roof leaked and caused plaster above the display window to fall has been amply proved. There was evidence that a water pipe in the slab burst and had to be repaired by the lessee when lessor refused to do so. There was evidence of corroded pipe. There was no evidence that the trouble with the burst and corroded pipe was caused by negligence or improper usage.
Plaintiff has also adequately proved that these breaches resulted in the premises being unsuited for the purpose intended. The unsightliness, the inconvenience and the trouble were attested to and not controverted. The volume of business increased greatly after the move to another building across the street.
The failure to maintain leased premises in such condition as to keep it suitable for the purpose for which it was intended gives the lessee the option of terminating the lease. R.C.C. Art. 2729, Reed v. Classified Parking System, 232 So.2d 103 (2nd Cir. 1970), writ refused 235 La. 1097, 234 So.2d 194 (1970).
Appellee introduced some checks for the purpose of showing repairs had been made. The evidence in regard thereto is rather vague and indefinite. The only one that would seem to be for the repair of the roof was given some four months after the filing of this suit.
Our decision on the above makes it unnecessary to rule on the other complaints.
For these reasons, the judgment is reversed and there is now judgment declaring the lease between the plaintiff and defendant be cancelled as of April 23, 1976. The costs are assessed to the appellee.
REVERSED AND RENDERED.